UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SYLVESTER O'REILLY, | | Civil No.   06cv0209-J(POR) |
| | Plaintiff, | **REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | | |
| VINCENT IARIA, et al., | | **[Doc. Nos. 9, 15, and 16]** |
| | Defendant. | |

**I. Introduction**

Petitioner Sylvester O'Reilly filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Superior Court of San Diego County, Case No. M817640. Respondent filed a Motion to Dismiss arguing that the petition is barred by the statute of limitations. After thorough review of the Petition for Writ of Habeas Corpus, Respondent's Motion to Dismiss, Petitioner's lodgments, Respondent's lodgments, and all other supporting documents, the Court finds that the Petition is statutorily time-barred. Therefore, the Court recommends that Respondent's Motion to Dismiss be **GRANTED** and the Petition for Writ of Habeas Corpus be **DISMISSED with prejudice.**

**II. Procedural Background**

**A. Proceedings of Underlying Conviction**

On April 30, 2001, a jury convicted Petitioner of misdemeanor battery on a police officer, under California Penal Code §§ 242/243(b), and resisting arrest, under California Penal Code § 148 (A). (Lodgment 1.) The court sentenced Petitioner to three years summary probation on condition

that he serve 45 days in custody, perform 15 days of public work service, and attend a 12-hour anger management course.  (Lodgment 1.)

On May 14, 2001, Petitioner filed a Notice of Appeal.  (Lodgment 2.)  On October 8, 2003, Petitioner filed Appellant's Opening Brief, and Respondent's brief was filed on November 12, 2003.  (Lodgments 3, 4.)  On December 12, 2003, the Appellate Division of the Superior Court unanimously affirmed the judgment of the trial court without a statement of reasoning or grounds.  (Lodgment 5.)  Petitioner did not seek review by the California Supreme Court.

**B. State Habeas Petitions**

On May 28, 2003, before the direct appeal was briefed, Petitioner's current counsel filed a petition for writ of habeas corpus in the California Superior Court (HC17398) on his behalf, asserting that Petitioner's former appellate attorney rendered ineffective assistance of counsel.  (Lodgment 6.)  On June 5, 2003, the California Superior Court denied the petition on both substantive and procedural grounds.  (Lodgment 7.)

On November 30, 2004, Petitioner's counsel filed a second petition for writ of habeas corpus in the California Superior Court (HC17398) asserting ineffective assistance of counsel.  (Lodgment 8.)  Specifically, Petitioner argued that Petitioner's trial counsel rendered ineffective assistance in failing to move for judgment of acquittal based on the sufficiency of the evidence or to suppress evidence based on Petitioner's illegal arrest in his home without probable cause and in violation of statutory and Constitutional knock-notice requirements.  (Lodgment 8.)  On January 21, 2005, the California Superior Court denied the petition on both substantive and procedural grounds.  (Lodgment 9.)

On March 11, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal (D046026) asserting three grounds.  (Lodgment 10.)  First, Petitioner claimed that his constitutional rights were violated when he was denied the effective assistance of counsel because his trial attorney failed to move for a judgment of acquittal at (a) the close of prosecution's case-in-chief, and (b) the close of all evidence.  (Lodgment 10.)  Second, Petitioner asserted that his constitutional rights were violated when his trial attorney failed to move to suppress the observations of officers who arrested him without probable cause or without strict compliance with knock-notice

1  requirements. (Lodgment 10.) Third, Petitioner argued that he was denied his right to due process
2  because there was insufficient evidence to sustain his conviction. (Lodgment 10.) On April 25,
3  2005, the Court of Appeal denied D046026 on grounds that Petitioner did not provide a record of the
4  proceedings in the trial court and appellate division sufficient to permit review. (Lodgment 12.)
5  The Court of Appeal further noted that the issues raised in the petition were "raised in one form or
6  another - and rejected - on appeal," and thus Petitioner may not revisit those claims on habeas
7  corpus. (Lodgment 12.)

8  On August 30, 2005, Petitioner filed a petition for writ of habeas corpus and exhibits in the
9  California Supreme Court (S136843) asserting two grounds. Petitioner's first ground was identical
10 to the first and second grounds he asserted in his petition to the California Court of Appeal.
11 (Lodgment 13.) Petitioner's second ground was the same as the third ground he asserted in his
12 petition to the California Court of Appeal. (Lodgment 13.) The California Supreme Court denied
13 S136843 without comment or citation on October 12, 2005. (Lodgment 15.)

14 **C. Federal Petition for Writ of Habeas Corpus**

15 On January 27, 2006, Petitioner filed the current petition for writ of habeas corpus in the
16 United States District Court for the Southern District of California ("Petition") asserting three
17 grounds for relief. (Doc. No. 1.) First, Petitioner claims that his conviction and sentence were
18 unlawfully imposed in violation of the Sixth and Fourteenth Amendments of the United States
19 Constitution and California Constitution because he was denied the effective assistance of counsel
20 when his trial attorney failed to move for a judgment of acquittal at (a) the close of prosecution's
21 case-in-chief, and (b) the close of all the evidence. (Doc. No. 1 at 6.) Second, Petitioner asserts that
22 his conviction and sentence were unlawfully imposed in violation of the Fourth, Sixth, and
23 Fourteenth Amendments of the United States Constitution and California Constitution because he
24 was denied the effective assistance of counsel when his trial attorney failed to move to suppress the
25 observations of officers who arrested him without probable cause or without strict compliance with
26 knock-notice requirements. (Doc. No. 1 at 7.) Third, Petitioner claims that he was denied his right
27 to due process, and his conviction and sentence were unlawfully imposed in violation of the Fifth
28 and Fourteenth Amendments of the United States Constitution because there was insufficient

evidence to sustain his conviction. (Doc. No. 1 at 8.)

On May 10, 2006, after this Court granted Respondent an enlargement of time to respond, Respondent filed a motion to dismiss arguing that the Petition is barred by the expiration of the one-year statute of limitations. (Doc. Nos. 8, 9, and 10.) Petitioner filed a reply to Respondent's motion to dismiss on June 29, 2006. (Doc. No. 15.)

### III. Discussion

**A. Statute of Limitations**

Respondent argues that the Petition is barred by the one-year statute of limitations applicable to federal habeas petitions, and therefore should be dismissed. (Doc. No. 10.)

28 U.S.C. § 2244(d) provides for a one-year limitation period for state prisoners to file a federal habeas petition in federal court providing, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d) (West Supp. 2004).

Sections (d)(1)(B)–(D) do not apply in Petitioner's case. First, Petitioner's situation does not involve the removal of a State-created "impediment to filing an application." 28 U.S.C. § 2244(d)(1)(B). Second, "the date on which the constitutional right [Petitioner asserts] was initially recognized by the Supreme Court" would not constitute the latest date in comparison to the date upon which judgment became final. 28 U.S.C. § 2244 (d)(1)(A) and (C). Third, section 2244(d)(1)(D) does not apply because Petitioner does not assert that he was delayed in filing due to a lack of factual information that was later discovered.

Thus, the date from which the limitation period runs in this case is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, the California Court of Appeal affirmed the conviction on December 12, 2003, and Petitioner did not seek direct review in the California Supreme Court. (Lodgment No. 5.) Therefore, Petitioner's conviction became final on January 21, 2004, forty days after the California Court of Appeal's decision was filed and the decision could no longer be directly appealed in the California Supreme Court. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).

Because the one-year statute of limitations is calculated according to Federal Rule of Civil Procedure 6(a), Petitioner's statute of limitations began running on January 22, 2004. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). Under Rule 6(a), the limitations period expired on January 21, 2005. See Patterson, 251 F.3d at 1246. As noted above, Petitioner did not file his federal habeas petition until January 27, 2006, more than one year after the statute of limitations had run. Therefore, the Petition is time-barred unless (1) the statutory tolling provision brings the Petition within the limitations period, or (2) the doctrine of equitable tolling applies to extend the filing deadline.

**1.  Statutory Tolling**

The statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2) (West Supp. 2004).

While the statute of limitations is not tolled between the time the decision becomes final and the first state habeas petition is filed, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). As the Ninth Circuit stated in Delhomme v. Ramirez:

> Typically, a California petitioner brings a petition for writ of habeas corpus in the state's Superior Court. If it is denied, the petitioner will assert claims, most commonly the same ones, in a new petition in the California Court of Appeal. If the

> Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court. The United States Supreme Court has held that applications for state post-conviction relief filed in this fashion will be deemed "pending" for purposes of 28 U.S.C. § 2244(d)(2), even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay.

340 F.3d 817, 818-19 (9th Cir. 2003) (citing Biggs v. Duncan, 339 F.3d 1045, 1046 (9th Cir. 2003)); see also Carey v. Saffold, 536 U.S. 214, 222 (2002).

On May 28, 2003, Petitioner filed a state petition for writ of habeas corpus (HC17398), and on June 5, 2003, the California Superior Court denied the petition before Petitioner's state court judgment became final. (Lodgments 6 and 7.) The statute of limitations did not apply to Petitioner's first state petition for writ of habeas corpus because judgment had not become final. 28 U.S.C.A. § 2244(d)(1)(A) (West Supp. 2004).

The judgment of the State court became final on January 21, 2004. The statute of limitations began running after the date of finality, and it did not stop until Petitioner filed his second state habeas petition in the California Superior Court. (Lodgment 8.)

On November 30, 2004, Petitioner filed a second state petition for writ of habeas corpus (HC17398) in the California Superior Court. (Lodgment 8.) Consequently, 313 days ran on the statute of limitations because the judgment of the State court became final on January 21, 2004 and Petitioner did not file his petition until November 30, 2004. Thus, 52 days remained in the limitations period.

The statute of limitations was tolled from November 30, 2004, to October 12, 2005, the date when the California Supreme Court denied the petition for writ of habeas corpus.[1] (Lodgment 15.) Pursuant to California Rules of Court Rule 29.4(b)(2)(C), California Supreme Court decisions relating to "the denial of a petition for a writ within the court's original jurisdiction without issuance of an alternative writ or order to show cause" is final on filing. Therefore, tolling stopped on

---

[1] The Petition is not saved by statutory tolling regardless of whether the statute of limitations is tolled between the date on which the Court of Appeal denied his petition and the date he renewed his collateral attack in the California Supreme Court.

1  October 12, 2005, the date on which the California Supreme Court's denial of the petition became
2  final.
3       On October 12, 2005, the statute of limitations proceeded to run again for the remaining 52
4  days.  The 52 days ended on December 3, 2005, a Saturday, therefore the limitation ran out on
5  December 5, 2005, the following Monday.
6       Petitioner filed a federal petition for habeas corpus on January 27, 2006, which was 53 days
7  after the statute of limitations had run for filing a federal petition for habeas corpus.  Therefore, the
8  Petition is not saved by statutory tolling.

9       **2.**    **Equitable Tolling**

10       The statute of limitations can also be tolled on equitable principles.  Calderon v. United
11  States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds
12  by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).  To be entitled
13  to equitable tolling, "a prisoner must demonstrate 1) extraordinary circumstances beyond [the]
14  prisoner's control that 2) ma[de] it impossible to file a petition on time."  Allen v. Lewis, 255 F.3d
15  798, 799-800 (9th Cir. 2001) (internal quotation marks omitted) (citing Calderon, 128 F.3d at 1288).
16       In the instant case, Petitioner has failed to meet his burden of showing why he was unable to
17  timely file his federal habeas petition.  Petitioner provides no grounds for equitably tolling the
18  statute of limitations.  After an exhaustive review of the pleadings and records in this case, the Court
19  is unable to find any reason why Petitioner failed to do so.  For these reasons, the instant Petition is
20  not entitled to equitable tolling.

21       **IV. CONCLUSION**

22       After thorough review of the record in this matter and based on the foregoing analysis, the
23  Court finds that the Petition is time-barred under the one-year statute of limitations.  Therefore, this
24  Court recommends that Respondent's Motion to Dismiss be **GRANTED** and this action be
25  **DISMISSED with prejudice**.  The petition should be dismissed with prejudice because Petitioner is
26  time-barred from filing a federal petition for writ of habeas corpus.
27       This Report and Recommendation of the undersigned Magistrate Judge is submitted to the
28  United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C.

1 | § 636(b)(1).

Any party may file written objections with the Court and serve a copy on all parties on or before **November 6, 2006**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed **no later than ten days upon receipt of the objections**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: October 5, 2006

_____
LOUISA S PORTER
United States Magistrate Judge

cc:   The Honorable Napoleon A. Jones, Jr.
      All parties