1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SYLVESTER O'REILLY,

           Petitioner,

   v.

VINCENT IARIA, et al.,

           Respondents.

Case No. 06cv0209-J (POR)

**ORDER:**

**(1) ADOPTING R&R; and**

**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Before the Court is Respondent Vincent Iaria's ("Respondent") Motion to Dismiss Petitioner Sylvester O'Reilly's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  [Doc. Nos. 1, 9, 10.]  Magistrate Judge Louisa S. Porter has filed a Report and Recommendation ("R&R") recommending that this Court grant Respondent's Motion to Dismiss.  [Doc. No. 17.]  To date, Petitioner has filed no objections.  The Court has determined that the issues presented below are appropriate for decision without oral argument.  *See* S.D. Cal. Civ. R. 7.1(d)(1).  For the reasons set forth below, this Court **ADOPTS** the R&R and **DENIES** the Petition in its entirety.

//
//
//
//

*Background*

On April 30, 2001, in San Diego County Superior Court, a jury convicted Petitioner of misdemeanor battery on a police officer, a violation of California Penal Code §§ 242 and 243(b), and resisting arrest, a violation of California Penal Code § 148(a).  (*See* Resp't's Lodg't No. 1.)  Petitioner was placed on summary probation for three years under the conditions that he serve forty-five days in the custody of the Sheriff, perform fifteen days in a public service program, and complete a twelve hour anger management course.  (*See id.*)

On May 14, 2001, Petitioner filed a timely Notice of Appeal, directly appealing the verdict to the Appellate Division of the California Superior Court.  (*See* Resp't's Lodg't No. 2.)  On July 11, 2002, Petitioner's former counsel filed an abandonment of appeal, and an order of dismissal was issued on July 12, 2002.  (*See* Resp't's Lodg't No. 7 at 1, 2.)

On May 28, 2003, Petitioner's current counsel filed a petition for writ of habeas corpus in the San Diego County Superior Court.  (*See* Resp't's Lodg't No. 6.)  Petitioner argued that his former appellate attorney had rendered ineffective assistance of counsel by abandoning Petitioner's appeal.  (*See* Resp't's Lodg't No. 6 at 3.)  On June 5, 2003, the court denied the petition, finding a failure to establish a claim of ineffective assistance of counsel, as well as procedural deficiencies.  (*See* Resp't's Lodg't No. 7.)  However, relief was granted on Petitioner's motion to recall the remittitur and the appeal was reinstated on July 2, 2003.  (*See* Resp't's Lodg't No. 10 at 2.)

On October 8, 2003, Petitioner filed Appellant's Opening Brief in the direct appeal, and Respondent filed his brief on November 12, 2003.  (*See* Resp't's Lodg't Nos. 3, 4.)  On December 12, 2003, the Appellate Division of the Superior Court unanimously affirmed the lower court's judgment without comment.  (*See* Resp't's Lodg't No. 5.) Petitioner sought no further direct review.

On November 30, 2004, Petitioner's counsel filed a second habeas petition in the San Diego County Superior Court.  (*See* Resp't's Lodg't No. 8.)  Petitioner's first ground contended that his conviction and sentence were unlawful and in violation of the Fourth, Sixth, and Fourteenth Amendments of the U.S. and California Constitutions, because his trial counsel rendered ineffective assistance in failing to (1) move for a judgment of

acquittal at the close of the prosecution's case-in-chief and at the close of the presentation of evidence, and (2) move to suppress the observations of the arresting officers during Petitioner's allegedly illegal arrest.  (*See* Resp't's Lodg't No. 8 at 3.)  Petitioner's second ground alleged a due process violation in that there was insufficient evidence to sustain a conviction given that the arresting officers were not engaged in lawful performance of their duties.  (*See id.* at 4.)  On January 21, 2005, the Superior Court denied the petition on both substantive and procedural grounds.  (*See* Resp't's Lodg't No. 9 at 2-3.)

On March 11, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Fourth Appellate District, relying upon three grounds that were substantively equivalent to the two claims in the previous habeas petition.  (*See* Resp't's Lodg't No. 10 at 4-5.)  On April 25, 2005, the court denied the petition because Petitioner failed to provide an adequate record for review.  (*See* Resp't's Lodg't No. 12 at 1.)  The court further noted that the issues raised in the petition had already been raised and rejected on appeal, and therefore Petitioner could not revisit those claims in a habeas petition.  (*See id.* at 1-2)

On August 30, 2005, Petitioner filed a writ of habeas corpus in the California Supreme Court.  (*See* Resp't's Lodg't No. 13.)  Petitioner alleged two grounds that were substantively equivalent to the three grounds alleged in the habeas writ filed in the California Court of Appeal.  (*See id.* at 5-6.)  On October 12, 2005, the California Supreme Court summarily denied the petition, exhausting Petitioner's state court remedies.  (*See* Resp't's Lodg't No. 15.)

On January 27, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of California, asserting three grounds.  [Doc. No. 1.]  First, Petitioner alleges violations of the Sixth and Fourteenth Amendments of the U.S. and California Constitutions because he was denied the effective assistance of counsel when counsel failed to move for a judgment of acquittal at the close of the prosecution's case-in-chief and at the close of all the evidence.  (*See* Pet. at 6.)  Second, Petitioner alleges violations of the Fourth, Sixth, and Fourteenth Amendments of the U.S. and California Constitutions because he was denied the effective assistance of

counsel when counsel failed to move to suppress the observations of the arresting officers pursuant to Petitioner's allegedly illegal arrest in his home.  (*See id.* at 7.)  Finally, Petitioner alleges a due process violation under the Fifth and Fourteenth Amendments to the U.S. Constitution in that the arresting officers were not engaged in the lawful performance of their duties, and therefore there was insufficient evidence to sustain a conviction.  (*See id.* at 8.)

On October 5, 2006, Magistrate Judge Porter issued an R&R advising this Court to grant Respondent's Motion to Dismiss, and dismiss this action with prejudice.  [Doc. No. 17.]  To date, no objections to the R&R have been filed.

### *Legal Standard*

The duty of the district court in connection with a magistrate judge's report and recommendation in habeas cases is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).  When an objection is made, the court must make a *de novo* determination as to those parts subject to objection.  *See United States v. Raddatz*, 447 U.S. 667, 676 (1980).

When no objections are filed, the court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law.  *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974).  Under such circumstances, the Court of Appeals for the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo.*"  *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (citation omitted), *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).  In this case, Petitioner filed no objections.  Accordingly, this Court will assume the correctness of the findings of fact and conduct a *de novo* review of the conclusions of law.

### *Discussion*

In the R&R, the Magistrate Judge recommends Respondent's Motion to Dismiss be granted because Petitioner's claim is time-barred under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (*See* R&R at 7.)  For the reasons set

1   forth below, this Court **ADOPTS** the R&R, and **GRANTS** Respondent's Motion to

2   Dismiss.

3                   <u>Petitioner's Habeas Petition is Time-Barred</u>

4           The Magistrate Judge correctly concludes that the Petition must be dismissed

5   because Petitioner filed the Petition after the statute of limitations had expired.  (*See* R&R

6   at 3.)  Under the AEDPA, a prisoner has one year from the date the conviction becomes

7   "final by the conclusion of direct review or the expiration of the time for seeking such

8   review" to file an application for writ of habeas corpus in federal court.  28 U.S.C. §

9   2244(d)(1)(A) (2006).

10          On December 12, 2003, the Appellate Division of the California Superior Court

11  affirmed the Petitioner's conviction.  (Resp't's Lodg't No. 5.)  Petitioner did not seek

12  further review.  On December 27, 2003, fifteen days after its pronouncement, the Appellate

13  Division's decision became final.  *See* Cal. Rules of Court 8.708(a)(1).[1]  Therefore, on

14  December 28, 2003, the AEDPA's one year statute of limitations began to run.  *See* Fed. R.

    Civ. P. 6(a).

15          **A.**     ***Petitioner's Petition Exceeds the Extension Granted by Statutory Tolling***

16          Under the AEDPA, the one-year period of limitation is tolled during the time which

17  "a properly filed application for State post-conviction or other collateral review with

18  respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (2006).

19  The statute of limitations may be tolled "from the time the first state habeas petition is filed

20  until the California Supreme Court rejects the petitioner's final collateral challenge," so

21  long as the subsequent filings occurred within a reasonable time.  *Nino v. Galaza,* 183 F.3d

22  1003, 1006 (9th Cir. 1999), *see also Evans v. Chavis,* 546 U.S. 189, 126 S. Ct. 846, 854

23  (2006) (holding a habeas petition in California to be untimely because petitioner could not

24

25          [1] As Respondent correctly notes in his Motion to Dismiss, this rule (formerly Rule 107(a))
    applies to the finality of appellate division judgments.  It states that "[a]n appellate division judgment
26  is final 15 days after judgment is pronounced."  Cal. Rules of Court 8.708(a)(1).  The Magistrate
    Judge reached a calculation of forty, rather than fifteen days, by applying Cal. Rules of Court 8.264(b)
27  and 8.500(e) which relate to the Court of Appeal and Supreme Court.  Rule 8.264(b) states that a
    Court of Appeal decision is final in that court thirty days after filing.  Rule 8.500(e) states that a
28  petition for review to the Supreme Court of California must be filed within ten days of this date.

1   fully explain why he delayed three years after the denial of his petition at the California

2   Court of Appeals before filing with the California Supreme Court).  The United States

3   Supreme Court has held that the one year time limitation is statutorily tolled when a state

4   habeas petition is "pending," during the interval between a lower state court's denial of the

5   petition and the petitioner's filing of an appeal to the next level court.  *Carey v. Saffold,* 536

6   U.S. 214, 219-21 (2002).  While statutory tolling may extend the statute of limitations, this

7   Court **FINDS** that any tolling has not carried this Petition into an acceptable time period.

8        Statutory tolling does not apply to Petitioner's first petition for writ of habeas

9   corpus, because the state court judgment had not become final.  As stated earlier,

10   Petitioner's conviction became final on December 27, 2003, and the statute began to run on

11   December 28, 2003.  On November 30, 2004, after 338 days had run from the one-year

12   statute of limitations, Petitioner filed his second petition for writ of habeas corpus in the

13   California Superior Court.  Because his petition was thereafter "pending" in court, the

14   statute was tolled from this date until October 12, 2005, when the California Supreme

15   Court rejected his petition, exhausting Petitioner of any further state court recourse.[2]

16        Petitioner filed the instant petition on January 27, 2006.  [Doc. No. 1.]  From

17   October 13, 2005, until January 27, 2006, an additional 107 days ran from the statute of

18   limitations.  Adding this to the 338 days that had already run places the non-tolled time

19   period at a total of 445 days, clearly past the 365 days allowed under the AEDPA.  Thus,

20   statutory tolling does not bring this Petition within the acceptable period.

     **B.    *Equitable Tolling Does Not Apply***

21        Alternatively, in rare instances, a petitioner may receive equitable tolling of the

22   statute of limitations.  *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Equitable

23   tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make

─────────────────────

25        [2] Respondent argues that the 127 day gap between the Court of Appeal's denial of Petitioner's

26   writ and renewal in the California Supreme Court constitutes an unreasonable delay, and therefore the
     statute of limitations is not tolled during this period.  This would require an expansion of the Supreme

27   Court's holding in *Evans v. Chavis*, which found that an unexplained delay of at least six months
     (and total delay of over three years) did not toll the statute of limitations.  *Evans,* 126 S. Ct. at 854.

28   As noted by the Magistrate Judge, and as described below, the Petition cannot be saved by statutory
     tolling irrespective of whether the statute is tolled during this 127 day period.

it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Beeler),* 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 539-40 (9th Cir. 1998).  The burden of proof to show equitable tolling falls on the petitioner.  *See Miranda v. Castro,* 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Petitioner has not offered any justification to explain why he could not file by the expiration of the AEDPA's one-year statute of limitations.  Petitioner has not met his burden of providing sufficient grounds for equitable tolling.  Therefore, the Court **FINDS** that equitable tolling does not apply in this case.

### Conclusion

Accordingly, because Petitioner filed outside the AEDPA's statute of limitations, and neither of the tolling provisions can bring the Petition within the applicable time period, this Court **GRANTS** Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus as untimely, and dismiss this action with prejudice.

**IT IS SO ORDERED.**

DATED:  February 2, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge Porter
     All Parties